(34 Misc. Rep. 165.)

## STUART v. MANHATTAN BATH–TUB CO.

(Supreme Court, Appellate Term. February 25, 1901.)

1. SALES—ACTION FOR PRICE—AMOUNT OF RECOVERY.

Plaintiff and defendant entered into an executory contract for the sale of goods to be manufactured. When the first of the goods were sent to defendant, he was informed that plaintiff could not sell at the contract price, and that, if he did not wish to receive the goods at an increased price, he should return them, and plaintiff also notified him several times afterwards what the price would be. *Held*, that defendant, by retaining the goods sent and ordering others, became liable to pay the increased price.

2. SAME.

A vendee, by accepting goods sent under an executory contract for the sale of goods to be manufactured without offering to return them, is estopped from claiming that there were defects or imperfections discoverable on inspection.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Robert J. Stuart against the Manhattan Bath-Tub Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Otto H. Droege, for appellant.
H. L. Maxson, for respondent.

ANDREWS, P. J. This is an appeal by the defendant from a judgment entered in the municipal court, Ninth district, in favor of the plaintiff upon the verdict of a jury rendered by direction of the court. For about two years plaintiff had sold defendant bath-tub legs. In September, 1899, the defendant suggested that plaintiff make a new style of such legs. In February, 1900, plaintiff sent one of the new style of legs to the defendant for its approval. Along with it came a memorandum billing the new legs at .57 cents, being for 21 pounds at 2¾ cents a pound. In March the plaintiff and the president of the defendant had a conversation as to the new style of leg, and on March 23d the defendant ordered 1,000 sets of such

new style to be shipped in installments, commencing April 15th. On April 16th the plaintiff sent the first shipment of 76 sets of legs, paying transportation, and with it was an invoice billing the legs to the defendant at 85 cents per set. On April 17th the defendant returned the invoice, stating that it would do nothing with the legs until it heard from plaintiff, as said legs were not charged at $2\frac{3}{4}$ cents per pound, and that the total charge should be only $43.89 for 76 sets. On April 18th plaintiff wrote to defendant, explaining the increase in cost of the new legs, and that 85 cents per set was his lowest figure, and offered to send his truckman for the 76 sets if the defendant wished to return them, and requested defendant to let him know whether to send for the legs or not. On April 21st defendant wrote to the plaintiff, complaining of the price, and two days later plaintiff wrote to the defendant, saying that the new legs were costing less than the old style, and that they saved much labor and expense to the defendant in obviating the necessity for fitting and drilling, and stating that he considered the defendant's order of March 23d for the 1,000 legs canceled. On April 24th the defendant again wrote to the plaintiff, complaining of the price, but ordered 100 sets more, and retaining the first shipment of April 16th. On April 25th plaintiff again wrote to the defendant, stating his desire to have matters so plain as to avoid any misunderstanding in the future, calling the attention of the defendant to its failure to make any disposition of the 76 sets, offering to take them back, and stating further: "The price is eighty-five cents per set f. o. b. N. Y. You will please let me know what you wish me to do, and oblige." On June 2d the defendant ordered more legs, and 50 sets were shipped on June 4th, together with 198 pounds of extra legs, making in all 326 sets of legs and 198 pounds of extra legs, which at eighty-five cents per set, or four cents per pound, amounted to $285.02. None of the sets of legs or extra legs were returned, but were all kept and used by the defendant. Upon these facts, and others which appear in the return, I am of the opinion that plaintiff never contracted to furnish the defendant with the new style of legs at $2\frac{3}{4}$ cents per pound, or 57 cents per set. When the first 76 sets were sent to the defendant, it was informed that the price was 85 cents per set, and that, if it did not wish to receive them at that price, it should return them; and the plaintiff also notified the defendant several times afterwards that the price would be 85 cents. Under these circumstances the defendant, by keeping the 76 sets, and ordering others, became liable to pay for the whole number ordered and received at the price of 85 cents per set. This was not, strictly speaking, a sale by sample, but an executory contract for the sale of goods to be manufactured; and the defendant, by accepting the goods, without offering to return the same, is estopped from claiming that there were any defects or imperfections discoverable upon inspection. Smith v. Coe (Sup.) 67 N. Y. Supp. 350. The defendant's contention was, therefore, properly dismissed. The action was brought to recover the value of the goods in question, but, the plaintiff having proved that the contract price was 85 cents, it was proper and lawful for the court to direct that the pleadings be

amended to conform to the proof, or that the variance between the pleadings and the proof should be disregarded. Besides, plaintiff proved the value, and the evidence of value given in behalf of the defendant was not of a character to require the submission of the question of value to the jury.

Judgment should be affirmed, with costs.

